## Oliver Tydings, Defendant in Error, v. Farrington Automobile Company, Plaintiff in Error.

### Gen. No. 20,181.  (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH E. RYAN, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded. Opinion filed November 9, 1914.

### Statement of the Case.

Action by Oliver Tydings against Farrington Automobile Company for a breach by defendant of a written contract to furnish plaintiff an electric automobile. By the terms of the contract defendant undertook for a certain price to furnish an Ohio Electric. Plaintiff made a deposit of $100 which, in case there was no delivery, was to be refunded. Defendant agreed to allow plaintiff on the price of the electric car $600 for his Franklin gas car, which was to be traded in. Plaintiff claims that defendant failed to deliver the electric according to the contract. The trial court found in favor of plaintiff and assessed his damages at $700, being the amount of the deposit and the $600 for plaintiff's car, which had been delivered to defendant and sold by it. From this amount $225, the price of a "rectifier" sold by defendant to plaintiff, was deducted and judgment was entered against defendant for $475. To reverse the judgment, defendant prosecutes a writ of error.

McARDLE & McARDLE, for plaintiff in error.

JAMES TURNOCK, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 4*—*when evidence of actual value of automobile to be taken in exchange admissible.* In an action for defendant's breach of a contract to sell plaintiff an automobile, where defendant had agreed to allow plaintiff a certain sum for his car which was to be traded in, and plaintiff's car had been delivered to defendant and sold by it, refusal of court to admit in evidence testimony offered by the defendant to show the actual value of the car taken in exchange, *held* reversible error.

2. EVIDENCE, § 63*—*value.* The amount agreed upon as the trading value of property may be prima facie evidence of its true value, but is not conclusive.